IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-48,982-02






EX PARTE ALFRED DICK JONES, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. 13938 IN THE 6TH DISTRICT COURT

LAMAR COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of delivery of a controlled substance, and punishment was assessed at fifteen
(15) years' confinement. No direct appeal was taken.

 Applicant contends that he was denied due process in a parole revocation hearing
conducted on November 18, 2004, in that he was denied the opportunity to question adverse
witnesses and to present evidence in defense or mitigation.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court shall resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from the appropriate officials of the Texas Department of
Criminal Justice, Correction Institutions Division, and Parole Division, or it may order a
hearing. In the appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant was given an opportunity to question adverse witnesses and to
present evidence in defense or mitigation. The trial court shall also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for writ of habeas corpus.

 The trial court shall supplement the habeas record with copies of all documents upon
which its findings are based.


 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety (90) days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred twenty (120) days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 8th DAY OF March, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.